IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

DONNA MEZICK,

PLAINTIFF,

CIVIL ACTION NO.

3:06CV1122-WKW

V.

TIGER LAWN CARE,
d/b/a TRUGREEN CHEMLAWN,

DEFENDANT.                           TRIAL BY JURY REQUESTED

## COMPLAINT

**I.   JURISDICTION**

1. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331, 1343(4), 28 U.S.C. §§ 2201 and 2202. This suit is authorized and instituted pursuant to Title VII of the Act of Congress known as the "Civil Rights Act of 1964," as amended, the "Civil Rights Act of 1991," 42 U.S.C. § 2000e *et seq* (Title VII). The jurisdiction of this Court is invoked to secure protection of and redress deprivation of rights secured by Title VII providing for injunctive and other relief against sex harassment, constructive-discharge, and pendent state claims.

2. Plaintiff timely filed her charge of discrimination with the Equal Employment Opportunity Commission (EEOC) within 180 days of the last

discriminatory act ("Exhibit A"). Plaintiff filed this lawsuit within ninety (90) days after receipt of the right-to-sue letters issued by the EEOC ("Exhibit B").

## II.     PARTIES

3.      Plaintiff, Donna Mezick, hereinafter "Plaintiff," is a citizen of the United States, and a current resident of Salem, Lee County, Alabama.

4.      Defendant, Truegreen Chemlawn, hereafter "Defendant" is a corporation, doing business in Alabama and is an entity subject to suit under Title VII. Defendant employs at least fifteen (15) persons.

## III.    STATEMENT OF FACTS

5.      Plaintiff commenced work with Defendant in January of 1997, until her constructive discharge on July 29, 2005. At all times during her employment, Plaintiff performed her work duties in at least a competent manner.

6.      Plaintiff was exposed to sexually harassing behavior by a co-worker, Jeff Greely. Beginning in January of 2004, Greely began leaving vases of flowers on her desk. Plaintiff threw away these unsolicited gifts in his presence.

7.      Throughout Plaintiff's employment, she exited the office and found "smiley faces" drawn in the dirt and soot on her car window.

8. Greely constantly stood in front of Plaintiff's desk and stared at her. Plaintiff informed Greely that this interfered with her ability to do her job, but Greely refused to stop.

9. In the Spring of 2005, Plaintiff went to the vending machine. Greely approached Plaintiff from behind and pinched Plaintiff's side. Plaintiff told him to stop.

10. Greely grabbed Plaintiff's backside on at least two separate occasions. As a result of Greely's unwanted touchings, Plaintiff rarely left her desk and constantly walked around the office in a defensive manner.

11. On several occasions, Greely approached Plaintiff from behind and touched her shoulders.

12. Greely constantly left notes on Plaintiff's desk, often calling her "sexy."

13. Greely's behavior became so consistent that fellow employees asked Plaintiff whether he "spent all day staring at me."

14. There was no employee handbook or sexual harassment policy for Plaintiff to follow. Nevertheless, Plaintiff complained to Defendant's owners, Bill and Laurie Haberstroh, about Greely's harassing behavior. Sherry Howard, a co-worker, also complained to Laurie Haberstroh about Greely's harassing behavior of her.

15. After Plaintiff complained to the owners, Greely continued to make constant telephone calls to Plaintiff's personal cell phone, calling her "sexy." After Defendant failed to do anything about Greely's behavior, Plaintiff could no longer return to her job. Plaintiff was constructively discharged as a result of Defendant's failure to take action in stopping Greely's behavior.

### IV. COUNT ONE – SEXUAL HARASSMENT (TITLE VII)

16. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 15 above with the same force and effect as if fully set out in specific detail below.

17. Plaintiff was subjected to a sexually hostile work environment by a co-worker, Jeff Greely.

18. Greely's conduct was frequent and interfered with Plaintiff's ability to do her job.

19. Plaintiff complained to Defendant's owners, Bill and Laurie Haberstroh about Greely's sexual harassment.

20. Defendant failed to take effective means to provide Plaintiff with a non-sexually hostile work environment, as Greely continued his sexual harassment.

21. Plaintiff was damaged as a result of being sexually harassed suffering loss of pay, benefits and mental anguish.

## V.  COUNT TWO – SEXUAL HARASSMENT - TERMINATION (TITLE VII)

22. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 21 above with the same force and effect as if fully set out in specific detail below.

23. Plaintiff complained of sexual harassment to Defendant's owners, Bill and Laurie Haberstroh.

24. Defendant's owners failed to stop the sexually hostile environment. As a result of a hostile environment no reasonably person should be expected to endure, Defendant constructively discharge Plaintiff's employment by disregarding her complaints of sexual harassment in violation of Title VII.

25. As a result of the constructive discharge by Defendant, Plaintiff has suffered a loss of pay and benefits, and mental anguish.

## VI.  COUNT THREE – INVASION OF PRIVACY

26. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 25 above with the same full force and effect as if fully set forth herein.

27. Greely invaded Plaintiff's privacy by making rude, offensive comments to Plaintiff. Plaintiff complained to owners of Defendant, Bill and Laurie Haberstroh, demanding that he cease the unwanted and unwelcome comments and touchings.

28. Defendant ratified and condoned the conduct of its agent, Greely, by

failing to take actions reasonably calculated to stop the conduct of Greely after complaints by Plaintiff to Defendant's owners, Bill and Laurie Haberstroh.

29.  Plaintiff has been damaged as a result of Defendant's actions, suffering loss of pay and benefits and mental anguish.

## VII. COUNT FIVE – ASSAULT AND BATTERY

30.  Plaintiff re-alleges and incorporates by reference paragraphs 1 through 29 above with the same full force and effect as if fully set forth herein.

31.  Greely committed repeated assault and battery upon Plaintiff through his rude and offensive, non-consensual touchings. Plaintiff complained to owners of Defendant, Bill and Laurie Haberstroh, demanding that he cease the unwanted and unwelcome comments and touchings.

32.  Defendant authorized, ratified and/or condoned the actions of its agent, Greely, resulting in the assault and battery.

33.  Plaintiff has have been damaged as a result of Defendant's actions, suffering loss of pay and benefits and mental anguish.

## VIII. COUNT SIX – NEGLIGENT SUPERVISION

34.  Plaintiff re-alleges and incorporates by reference paragraphs 1 through 33 above with the same full force and effect as if fully set forth herein.

35.  Defendant negligently and/or wantonly supervised Greely, allowing him

6

to commit the acts upon Plaintiff as complained of herein by its actions.

36. Plaintiff complained to owners of Defendant, Bill and Laurie Haberstroh, demanding that he cease the unwanted and unwelcome comments and touchings.

37. Defendant allowed Greely to sexually harass Plaintiff, as well as allow him to commit assault and battery and invasion of privacy upon Plaintiff during the course of her employment. Such conduct by Greely could have been and should have been avoided by exercise of reasonable supervised responsibility of management of Defendant.

38. Plaintiff has been damaged as a result of Defendant's actions, suffering loss of pay and benefits, and mental anguish.

## IX. COUNT SEVEN – NEGLIGENT RETENTION

39. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 38 above with the same full force and effect as if fully set forth herein.

40. Defendant negligently and/or wantonly retained Greely in its employment after Plaintiff complained of his inappropriate conduct.

41. Plaintiff complained to owners of Defendant, Bill and Laurie Haberstroh, demanding that he cease the unwanted and unwelcome comments and touchings.

42. Plaintiff's employment was constructive terminated as her complaints to Defendant's owners regarding Greely did not prevent future harassment. Upon

information and belief, Greely suffered no adverse job action by Defendant as a result of his inappropriate conduct.

43. Plaintiff has been damaged as a result of Defendant's actions, suffering loss of pay and benefits and mental anguish.

## X.   PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that this Court assume jurisdiction of this action and after trial:

A. Issue a declaratory judgment that the employment policies, practices, procedures, conditions and customs of the Defendant are violative of the rights of the Plaintiff as secured by Title VII.

B. Grant Plaintiff a permanent injunction enjoining the Defendant, its agents, successors, employees, attorneys and those acting in concert with Defendant's request from continuing to violate Title VII.

C. Enter an Order requiring Defendant to make Plaintiff whole by awarding her reinstatement, front-pay, back pay (plus interest) compensatory, punitive damages, injunctive and declaratory relief, and benefits.

Plaintiff further prays for such other relief and benefits as the cause of justice may require, including, but not limited to, an award of costs, attorneys' fees and expenses.

Respectfully submitted,

_____
DAVID R. ARENDALL

_____
ALLEN D. ARNOLD

OF COUNSEL:
ARENDALL & ASSOCIATES
2018 Morris Avenue
Birmingham, Alabama 35203
205.252.1550 – Office
205.252.1556 – Facsimile

**PLAINTIFF REQUESTS TRIAL BY STRUCK JURY**

_____
OF COUNSEL

**DEFENDANT'S ADDRESS:**
Tiger Lawn Care, Inc.
d/b/a Trugreen Chemlawn
c/o Any Officer or Agent
2906 Waverly Parkway
Opelika, AL 36801

# EXHIBIT A

# TO

# PLAINTIFF'S

# COMPLAINT

| CHARGE OF DISCRIMINATION | AGENCY | CHARGE NUMBER |
|---|---|---|
| This form is affected by the Privacy Act of 1974; See Privacy Act Statement before completing this form. | FEPA<br>X EEOC | *Amended Charge*<br>130-2005-07051 |

_____ and EEOC
*State or local Agency, if any*

| NAME *(Indicate Mr., Ms., Mrs.)*<br>Donna Mezick | HOME TELEPHONE *(Include Area Code)*<br>334.742.1115 |
|---|---|
| STREET ADDRESS          CITY, STATE AND ZIP CODE<br>8324 Alabama Highway 169, Salem, AL  36874 | DATE OF BIRTH<br>10/20/76 |

NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY APPRENTICESHIP COMMITTEE, STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME *(If more than one list below.)*

| NAME<br>Truegreen Chemlawn | NUMBER OF EMPLOYEES, MEMBERS<br>Over 15 | TELEPHONE *(Include Area Code)*<br>334.749.5037 |
|---|---|---|
| STREET ADDRESS       CITY, STATE AND ZIP CODE<br>2906 Waverly Parkway, Opelika, AL  36801 | | COUNTY<br>Lee |
| NAME | | TELEPHONE NUMBER *(Include Area Code)* |
| STREET ADDRESS       CITY, STATE AND ZIP CODE | | COUNTY |

| CAUSE OF DISCRIMINATION BASED ON *(Check appropriate box(es))* | DATE FIRST or CONTINUING DISCRIMINATION TOOK PLACE AND DATE LAST DISCRIMINATION TOOK PLACE *(Month/Day/Year)*: |
|---|---|
| RACE    COLOR    **SEX  HARASSMENT XXX**<br><br>RELIGION    NATIONAL ORIGIN    **RETALIATION XXX**<br><br>AGE          DISABILITY<br><br>OTHER *(Specify)* | FIRST: *January 2004*<br><br>LAST: *July 29, 2005*<br><br>RECEIVED<br>EEOC<br>DEC 2 2 2005<br>BIRMINGHAM DISTRICT OFFICE |

THE PARTICULARS ARE (If additional space is needed, attach extra sheet(s):

**CHARGE OF DISCRIMINATION**

SSN:    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            Sex:    Female            Race:    Caucasian

**Please see following page for particulars.**

| I want this charge filed with both the EEOC and the State or local Agency, if any.  I will advise the agencies if I change my address or telephone number and cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY - (When necessary for State and Local Requirements)<br>*Kim D. Brown*<br>KIM D. BROWN<br>ALABAMA STATE @ LARGE |
|---|---|
| I declare under penalty of perjury that the foregoing is true and correct.<br><br>*Donna Mezick*<br>**Donna Mezick**<br>Date 12.19.05    Charging Party *(Signature)* | SIGNATURE OF COMPLAINANT<br>*Donna Mezick*<br>**Donna Mezick**<br>SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (Day, month, and year)<br>12.19.05 |

EEOC FORM 5 (Rev. 06/92)

EEOC Charge of Donna Mezick
Social Security Number: 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

1. I began my employment with the respondent in January of 1997. I worked with respondent until July 29, 2005.

2. At all times, I performed my job duties in at least a competent manner.

3. During my employment, I was exposed to sexually harassing behavior by a co-worker, Jeff Greely. Beginning in January of 2004, Greely began leaving vases of flowers on my desk. I would throw these unsolicited gifts away in his presence.

4. Throughout my employment, I would exit the office and find "smiley faces" drawn in the dirt and soot on my car window.

5. Greely would constantly stand in front of my desk and stare at me. I informed Greely that this interfered with my ability to do my job, but he refused to stop.

6. In Spring of 2005, I went to the Coca-Cola vending machine, and Greely came from behind me and pinched my side. This was very painful, and I told him to stop immediately.

7. Greely has grabbed my backside on at least two separate occasions. As a result of Greely's unwanted touchings, I rarely leave my desk and constantly walk around the office in a defensive manner.

8. Greely has approached me from behind and touched my shoulders on several occasions.

9. Greely has constantly left notes on my desk, calling me "sexy."

10. Greely's behavior became so consistent that fellow employees would ask me whether he "spent all day staring at me."

11. There was no employee handbook or sexual harassment policy for me to follow. Nevertheless, I complained to respondent's owners, Bill and Laurie Haberstroh, about Greely's harassing behavior. Sherry Howard, a co-worker, also complained to Laurie Haberstroh about Greely's harassing behavior.

12. After I complained to the owners, Greely continued to make constant phone calls to my personal cell phone, calling me "sexy." After respondent failed to do anything about Greely's behavior, I could no longer return to my job. I was constructively discharged from my employment as a result of Respondent's failure to take action in stopping Greely's harassing behavior.

13. I believe I was sexually harassed and constructively discharged from my employment in retaliation for exercising my rights that were violated under Title VII and of the Civil Rights Act of 1964, as amended.

_____
Donna Mezick

The foregoing instrument was acknowledged before me this the 19th day of December, 2005, by Donna Mezick.

_____
Notary Public
My commission expires: August 4, 2007

RECEIVED
EEOC
DEC 2 2 2005
BIRMINGHAM DISTRICT OFFICE

# EXHIBIT B

# TO

# PLAINTIFF'S

# COMPLAINT

EEOC Form 161 (10/96)            U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## DISMISSAL AND NOTICE OF RIGHTS

To: Donna Mezick
8324 Alabama Hwy. 169
Salem, AL 36874

From: **Birmingham District Office**
**2000 Ridge Park Place**
**1130 South 21st Street**
**Birmingham, AL 35205**

[ ]    *On behalf of person(s) aggrieved whose identity is*
      *CONFIDENTIAL (29 CFR § 1601.7(a))*

| Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 130 2005 07051 | J.W. Furman | (205) 212-2061 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

[ ]    The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ]    Your allegations did not involve a disability that is covered by the Americans with Disabilities Act.

[ ]    The Respondent employs less than the required number of employees or is not otherwise covered by the statues.

[ ]    We cannot investigate your charge because it was not filed within the time limit required by law.

[ ]    Having been given 30 days in which to respond, you failed to provide information, failed to appear or be available for interviews/conferences, or otherwise failed to cooperate to the extent that it was not possible to resolve your charge.

[ ]    While reasonable efforts were made to locate you, we were not able to do so.

[ ]    You had 30 days to accept a reasonable settlement offer that afford full relief for the harm you alleged.

[X]    The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[ ]    The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ]    Other *(briefly state)* _____

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, and/or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** from your receipt of this Notice; otherwise, your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years)** before you file suit may not **be collectible.**

On behalf of the Commission

[signature]

Bernice Williams-Kimbrough, District Director

**2 7 SEP 2006**

*(Date Mailed)*

Enclosure(s)

cc:    Allen D. Arnold
       Arendall & Associates
       2018 Morris Avenue
       Birmingham, AL 35203

INFORMATION RELATED TO FILING SUIT
UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court under Federal law.
If you also plan to sue claiming violations of State law, please be aware that time limits and other
provisions of State law may be shorter or more limited than those described below.)*

PRIVATE SUIT RIGHTS -- **Title VII of the Civil Rights Act, the Americans with Disabilities Act (ADA), or the Age Discrimination in Employment Act (ADEA):**

In order to pursue this matter further, you must file a lawsuit against the respondent(s) named in the charge **within 90 days** of the date you *receive* this Notice. Therefore, you should **keep a record of this date**. Once this 90-day period is over, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Furthermore, in order to avoid any question that you did not act in a timely manner, it is prudent that your suit be filed **within 90 days of the date this Notice was *mailed* to you** (as indicated where the Notice is signed).

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. (Usually, the appropriate State court is the general civil trial court.) Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. Filing this Notice is not enough. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Your suit may include any matter alleged in the charge or, to the extent permitted by court decisions, matters like or related to the matters alleged in the charge. Generally, suits are brought in the State where the alleged unlawful practice occurred, but in some cases can be brought where relevant employment records are kept, where the employment would have been, or where the respondent has its main office. If you have simple questions, you usually can get answers from the office of the clerk of the court where you are bringing suit, but do not expect that office to write your complaint or make legal strategy decisions for you.

PRIVATE SUIT RIGHTS -- **Equal Pay Act (EPA):**

EPA suits must be filed in court within 2 years (3 years for willful violations) of the alleged EPA underpayment: backpay due for violations that occurred **more than 2 years (3 years)** before you file suit may not be collectible. For example, if you were underpaid under the EPA for work performed from 7/1/96 to 12/1/96, you should file suit before 7/1/98 -- not 12/1/98 -- in order to recover unpaid wages due for July 1996. This time limit for filing an EPA suit is separate from the 90-day filing period under Title VII, the ADA or the ADEA referred to above. Therefore, if you also plan to sue under Title VII, the ADA or the ADEA, in addition to suing on the EPA claim, suit must be filed within 90 days of this Notice **and** within the 2- or 3-year EPA backpay recovery period.

ATTORNEY REPRESENTATION -- **Title VII and the ADA:**

If you cannot afford or have been unable to obtain a lawyer to represent you, the U.S. District Court having jurisdiction in your case may, in limited circumstances, assist you in obtaining a lawyer. Requests for such assistance must be made to the U.S. District Court in the form and manner it requires (you should be prepared to explain in detail your efforts to retain an attorney). Requests should be made well before the end of the 90-day period mentioned above, because such requests do **not** relieve you of the requirement to bring suit within 90 days.

ATTORNEY REFERRAL AND EEOC ASSISTANCE -- **All Statutes:**

You may contact the EEOC representative shown on your Notice if you need help in finding a lawyer or if you have any questions about your legal rights, including advice on which U.S. District Court can hear your case. If you need to inspect or obtain a copy of information in EEOC's file on the charge, please request it promptly in writing and provide your charge number (as shown on your Notice). While EEOC destroys charge files after a certain time, all charge files are kept for at least 6 months after our last action on the case. Therefore, if you file suit and want to review the charge file, **please make your review request within 6 months of this Notice.** (Before filing suit, any request should be made within the next 90 days.)

*IF YOU FILE SUIT, PLEASE SEND A COPY OF YOUR COURT COMPLAINT TO THIS OFFICE.*