IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| **DONNA MEZICK,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. **3:06-cv-1122-WKW-CSC** |
| | ) | |
| | ) | |
| **TIGER LAWN CARE, INC.** | ) | |
| **d/b/a TRUGREEN CHEMLAWN**, | ) | |
| | ) | |
| Defendant. | ) | |

## ANSWER AND AFFIRMATIVE DEFENSES

NOW COMES Tiger Lawn Care, Inc.[1], an Alabama corporation (hereinafter "Tiger Lawn Care"),

by and through its undersigned counsel, and submits its first responsive pleading in the above-

captioned matter.  In support whereof, it is shown as follows:

1.    The allegations of Plaintiff set forth in Paragraph 1 of the Complaint (Doc. #1) are

conclusions or arguments of law rather than allegations of fact and do not require a response

from Plaintiff.

---

[1]Tiger Lawn Care, Inc. is an Alabama corporation which is valid and in good standing.
Defendant's counsel has added the proper designation to the caption of this cause, and this
responsive pleading is filed on behalf of said corporation, which was the employer of Plaintiff.

2.      The allegations of Plaintiff set forth in Paragraph 2 of Complaint are denied as to the filing

of the charge of discrimination with the EEOC in a timely manner, but are admitted as to the

filing of this action within 90 days after receipt of the right-to-sue letter from the EEOC.

3.      The allegations of Plaintiff set forth in Paragraph 3 of Complaint are neither admitted nor

denied for the reason that Tiger Lawn Care has no knowledge thereof, but demands strict

proof thereof.

4.      The allegations of Plaintiff set forth in Paragraph 4 of Complaint are admitted.

5.      The allegations of Plaintiff set forth in Paragraph 5 of Complaint  are denied with respect to

the characterization of Plaintiff's cessation of employment as a "constructive discharge" for

the reason that the same is not true.  Defendant admits that it employed Plaintiff from

January 9, 1997, to June 1, 2005.

6.      The allegations of Plaintiff set forth in Paragraph 6 of Complaint are neither admitted nor

denied for the reason that Tiger Lawn Care has no knowledge thereof.

7.      The allegations of Plaintiff set forth in Paragraph 7 of Complaint are neither admitted nor

denied for the reason that Tiger Lawn Care has no knowledge thereof.

8.      The allegations of Plaintiff set forth in Paragraph 8 of Complaint are neither admitted nor denied for the reason that Tiger Lawn Care has no knowledge thereof.

9.      The allegations of Plaintiff set forth in Paragraph 9 of Complaint are neither admitted nor denied for the reason that Tiger Lawn Care has no knowledge thereof.

10.     The allegations of Plaintiff set forth in Paragraph 10 of Complaint are neither admitted nor denied for the reason that Tiger Lawn Care has no knowledge thereof.

11.     The allegations of Plaintiff set forth in Paragraph 11 of Complaint are neither admitted nor denied for the reason that Tiger Lawn Care has no knowledge thereof.

12.     The allegations of Plaintiff set forth in Paragraph 12 of Complaint are neither admitted nor denied for the reason that Tiger Lawn Care has no knowledge thereof.

13.     The allegations of Plaintiff set forth in Paragraph 13 of Complaint are neither admitted nor denied for the reason that Tiger Lawn Care has no knowledge thereof.

14.    The allegations of Plaintiff set forth in Paragraph 14 are admitted only to the extent that Tiger Lawn Care did not have a handbook setting forth a sexual harassment policy and to the extent Plaintiff complained to Defendant's owners about some of Jeff Greely's conduct.  Defendant admits that Sherrie Howard told Defendant that she didn't want Greely working in the office. The allegations of the rest and remainder of the allegations set forth in the paragraph are neither admitted or denied for the reason that Tiger Lawn Care has no knowledge thereof, but demands strict proof thereof

15.    The allegations of Plaintiff set forth in Paragraph 15 of Complaint are denied for the reason that the same are not true, except that Defendant has no knowledge of phone calls from Greely to Plaintiff, or the content thereof.

16.    The responses of Tiger Lawn Care to the allegations in Paragraphs 1-15 of Complaint are hereby restated and incorporated herein by reference as if fully set forth.

17.    The allegations of Plaintiff set forth in Paragraph 17 of Complaint are denied for the reason that the same are not true.

18.    The allegations of Plaintiff set forth in Paragraph 18 of Complaint are denied for the reason

that the same are not true.

19.     The allegations of Plaintiff set forth in Paragraph 19 of Complaint are admitted to the extent that Plaintiff made Defendant's owners aware of certain elements of Greely's conduct.

20.     The allegations of Plaintiff set forth in Paragraph 20 of Complaint are denied for the reason that the same are not true.

21.     The allegations of Plaintiff set forth in Paragraph 21 of Complaint are denied for the reason that the same are not true.

22.     The responses of Tiger Lawn Care to the allegations in Paragraphs 1-21 of Complaint are hereby restated and incorporated herein by reference as if fully set forth.

23.     The allegations of Plaintiff set forth in Paragraph 23 of Complaint are admitted only to the extent that Plaintiff described to Defendant certain behavior of Greely.

24.     The allegations of Plaintiff set forth in Paragraph 24 of Complaint are denied for the reason that the same are not true.

5

25.     The allegations of Plaintiff set forth in Paragraph 25 of Complaint are denied for the reason that the same are not true.

26.     The responses of Tiger Lawn Care to the allegations in Paragraphs 1-25 of Complaint are hereby restated and incorporated herein by reference as if fully set forth.

27.     The allegations of Plaintiff set forth in Paragraph 27 of Complaint are denied for the reason that the same are not true, except to the extent that Defendant admits Plaintiff made statements to Defendant's owners about certain behaviors of Greely.

28.     The allegations of Plaintiff set forth in Paragraph 28 of the Amended and Restated Complaint are denied for the reason that the same are not true.

29.     The allegations of Plaintiff set forth in Paragraph 29 of Complaint are denied for the reason that the same are not true.

30.     The responses of Tiger Lawn Care to the allegations in Paragraphs 1-29 of Complaint are hereby restated and incorporated herein by reference as if fully set forth.

31.    The allegations of Plaintiff set forth in Paragraph 31 of Complaint are denied for the reason that the same are not true.

32.    The allegations of Plaintiff set forth in Paragraph 32 of Complaint are denied for the reason that the same are not true.

33.    The allegations of Plaintiff set forth in Paragraph 33 of Complaint are denied for the reason that the same are not true.

34.    The responses of Tiger Lawn Care to the allegations in Paragraphs 1-33 of Complaint are hereby restated and incorporated herein by reference as if fully set forth.

35.    The allegations of Plaintiff set forth in Paragraph 35 of Complaint are denied for the reason that the same are not true.

36.    The allegations of Plaintiff set forth in Paragraph 36 of Complaint are denied for the reason that the same are not true.

37.    The allegations of Plaintiff set forth in Paragraph 37 of Complaint are denied for the reason

that the same are not true.

38.    The allegations of Plaintiff set forth in Paragraph 38 of Complaint are denied for the reason that the same are not true.

39.    The responses of Tiger Lawn Care to the allegations in Paragraphs 1-38 of Complaint are hereby restated and incorporated herein by reference as if fully set forth.

40.    The allegations of Plaintiff set forth in Paragraph 40 of Complaint are denied for the reason that the same are not true.

41.    The allegations of Plaintiff set forth in Paragraph 41 of Complaint are denied for the reason that the same are not true.

42.    The allegations of Plaintiff set forth in Paragraph 42 of Complaint are denied for the reason that the same are not true.

43.    The allegations of Plaintiff set forth in Paragraph 43 of Complaint are denied for the reason that the same are not true.

## AFFIRMATIVE DEFENSES

A.    Tiger Lawn Care at all times exercised reasonable care to prevent and promptly correct any sexually harassing behavior by any of its employees.

B.    Mezick unreasonably failed to take advantage of preventative and corrective opportunities provided by Tiger Lawn Care; to wit, Tiger Lawn Care offered to fire Greely, but Mezick said she did not want Greely fired.

C.    Mezick unreasonably failed to take steps to avoid harm or damage from the behavior complained of.

D.    No tangible employment action was taken against Mezick by Tiger Lawn Care.

E.    Mezick voluntarily ceased her employment at Tiger Lawn Care.

F.    The injuries and damage to Mezick were the proximate result of actions taken by Mesick or Greely, and were not caused by Mezick being engaged in any protected activity.

9

G.    The alleged actions of Greely were not sufficiently severe or intolerable to alter the conditions of employment of any reasonable Tiger Lawn Care employee.

H.    Any unwelcome comments of touching that may have occurred between Plaintiff and Greely were not done in the course of Greely's employment and were not done by Greely as an agent of Tiger Lawn Care.

J.    Tiger Lawn Care at all times material hereto made good-faith efforts to comply with Title VII and cannot be held liable for punitive damages.

K.    Mezick is not a member of a protected class under Title VII.

L.    Mezick was contributorily negligent with respect to supervision and retention of Greely employees, and such contributory negligence caused some or all of the injuries and damages complained of by Mezick.

M.    Mezick voluntarily assumed the risk of the injuries and damages which she allegedly suffered.

10

N.   The underlying conduct of Tiger Lawn Care was not wrongful.

O.   Tiger Lawn Care exercised reasonable care, and due and proper diligence, in the supervision and retention of Greely.

P.   Tiger Lawn Care did not have actual or constructive notice of the alleged underlying wrongful conduct of Greely.

Q.   Mezick failed to inform Tiger Lawn Care of the statements and actions by Greely which were allegedly wrongful.

R.   Tiger Lawn Care at all times material hereto used due care to avoid retention of employees whom Tiger Lawn Care knew to be unworthy, by habits, temperament, or nature, to deal with persons whom Tiger Lawn Care knew such employees would be in contact with during their employment.

S.   The imposition of punitive damages on Tiger Lawn Care would violate provisions of the U.S. Constitution which bar the taking of property without due process or just compensation.

T.     The imposition of punitive damages on Tiger Lawn Care in this proceeding would constitute

        a criminal punishment for acts which are not violations of criminal law, and would constitute

        a criminal penalty without the standards of proof and due process applicable to criminal

        trials.


U.     Plaintiff's claims are barred in whole or in part by the applicable Statute of Limitations.


V.     Plaintiff failed to exhaust her administrative remedies by failing to file her claim with the

        EEOC within the time period prescribed by law.



Dated: January 22, 2007                          Respectfully submitted,



                                                      /s/ John E. Searcy, Jr.
                                                 Russell C. Balch (BAL025)
                                                 John E. Searcy, Jr. (SEA029)
                                                 AKRIDGE & BALCH, P.C.
                                                 Attorneys for Alabama Wings, LLC
                                                 730 N. Dean Road, Suite 300
                                                 P.O. Drawer 3738
                                                 Auburn, AL 36831-3738
                                                 (334) 887-0884
                                                 rbalch@akridgebalch.com

## CERTIFICATE OF SERVICE

The undersigned certifies that copies of the foregoing were served on the following on by the methods indicated on the date shown below:

__X__Deposit of same in the U.S. Mail in envelopes, with prepaid first class postage affixed thereto, directed to their addresses as set forth below.

_____Deposit of same in the mailbox(es) reserved for them in the office of the Circuit Clerk for Lee County, Alabama.

_____Fax of same to the fax number indicated below, being the fax number furnished by said person(s) or firm(s), or listed in the current issue of the Alabama State Bar Member Directory.

__X__Electronic mail of same to the email address indicated below, being the email address furnished by said person(s) or firm(s), or listed in the current issue of the Alabama State Bar Member Directory.

_____Hand-delivery: □ Open Court    □ Via Courier

Date of Service: January 22, 2007

David R. Arendall, Esq.
ARENDALL & ASSOCIATES
2018 Morris Avenue
Birmingham, AL 35203-4108
Fax 205-252-1556
dra@arendalllaw.com

AKRIDGE & BALCH, P.C.

_____/s/ John E. Searcy, Jr._____
John E. Searcy, Jr.
Attorney at Law

13