IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| DONNA MEZICK, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. **3:06-cv-1122-WKW-CSC** |
| | ) |
| TIGER LAWN CARE, INC. | ) |
| d/b/a TRUGREEN CHEMLAWN, | ) |
| | ) |
| Defendant. | ) |

**REPORT OF PARTIES' PLANNING MEETING**

Pursuant to Fed.R.Civ.P. 26(f), a meeting was held on February 14, 2007 by telephone and was attended by: Allen Arnold, Esq. and David Arendall, Esq. for Plaintiff, Donna Mezick and Russell Balch, Esq. and John Searcy, Jr., Esq. for Defendant, Tiger Lawn Care, Inc.

The parties do not request a conference with the Court before entry of the Uniform Scheduling Order.

1. Plaintiff's and Defendant's brief narrative statement:

Plaintiff's statement:

Plaintiff timely filed a charge of sexual harassment and retaliation with the Equal Employment Opportunity Commission against Defendant. Plaintiff timely filed her Complaint in United States District Court for the Middle District of Alabama within ninety days of receipt of her notice of right to sue issued by the EEOC. Plaintiff was subjected to a sexually hostile environment by Jeff Greely. Plaintiff complained to Defendant's management and ownership to stop Greely's behavior. Despite these complaints, Plaintiff was continually subjected to sexually

1

inappropriate comments and touchings. Greely's behavior did not subside; resulting in Defendant constructively terminating Plaintiff's employment. Plaintiff's Complaint states counts pursuant to Title VII of the Civil Rights of 1964 as amended and pendant state tort claims.

2.   Defendant's statement:

Defendant denies that Plaintiff was sexually harassed in violation of Title VII. Mr. Greely was never in a position of authority over Plaintiff. At all times relevant, the President of Tiger Lawn Care, Inc., Robert Haberstroh, II, and the Treasurer/Corporate Secretary of Tiger Lawn Care, Inc., Laurie Haberstroh, (collectively "Management") had an open door policy by which employees could communicate directly with Management regarding equal opportunity concerns, including allegations of sexual harassment. Plaintiff was aware of these procedures and made use thereof. Each of her issues was promptly addressed by Management. Each action taken by Management met with Plaintiff's approval. None of Mr. Greely's conduct was condoned by Plaintiff. Plaintiff was in a consensual, intimate relationship with Mr. Greely.

Defendant denies that the actions complained of by Plaintiff qualify as sexual harassment in the workplace. Nevertheless, Defendant exercised reasonable care to promptly prevent and correct any such offensive behavior, but Plaintiff refused to take advantage of Defendant's proffered remedies. The actions of Mr. Greely were not condoned by Defendant.

Although Plaintiff earlier refused to assent to Mr. Greely's termination, Management gave Mr. Greely a final warning. Management confronted Mr. Greely and promised termination if he made further unapproved contact with Plaintiff. Mr. Greely signed a memorandum expressing his understanding to this effect.

Plaintiff and Mr. Greely were involved in both a social friendship and a voluntary sexual relationship. Plaintiff and Mr. Greely often went to lunch together and Plaintiff gave a gift to

2

Mr. Greely one week before Plaintiff allegedly quit her job due to intolerable sexual harassment from Mr. Greely. Management denies that working conditions became so intolerable that Plaintiff had no choice, but to resign.

2. This jury action should be ready for trial by the Civil Jury Term in Opelika commencing on March 10, 2008.

3. The parties request a pre-trial conference on February 10, 2008, in Montgomery, Alabama.

4. Discovery will be needed on the following subjects:

    All issues and damages as framed by the pleadings.

    All discovery will be commenced in time to be completed by December 14, 2007.

5. Initial Disclosures: The parties will exchange within fourteen (14) days after the filing of the report of the parties planning meeting the information required by Fed.R.Civ.P. 26(a)(1):.

6. The parties request that the final date to join additional parties and amend pleadings be July 27, 2007.

7. Reports from retained experts under Rule 26(a)(2) due:

    Plaintiffs:     September 21, 2007.

    Defendants:     October 5, 2007.

8. Pretrial Disclosures: Final lists of witnesses and exhibits under Rule 26(a)(3) due by February 10, 2008. Any objections to said lists by any party due by February 24, 2008.

9. Discovery limits:

Maximum of forty (40) interrogatories by each party to any other party. Responses due thirty (30) days after service.

Maximum of eight (8) depositions by Plaintiff to any other party, and maximum of eight (8) depositions by each Defendant to any other party. Each deposition is limited to a maximum of five (5) hours unless extended by agreement of the parties.

Maximum of forty (40) requests for admissions by each party to any other party. Responses due thirty (30) days after service.

Maximum of forty (40) requests for production of documents by each party to any other party.

Responses due thirty (30) days after service.

10. All potentially dispositive motions to be filed by November 1, 2007.

11. Settlement may be likely in the future, but may be enhanced by mediation towards the conclusion of discovery.

Dated: February 14, 2007

| ATTORNEY FOR PLAINTIFF: | ATTORNEY FOR DEFENDANT: |
|---|---|
| /s/ Allen D. Arnold | /s/ John E. Searcy, Jr. |
| David R. Arendall | Russell C. Balch |
| Allen D. Arnold | John E. Searcy, Jr. |
| Arendall & Associates | Akridge & Balch, PC |
| 2018 Morris Avenue, Third Floor | 730 North Dean Road, Suite 300 |
| Birmingham, AL 35203 | P. O. Drawer 3738 |
| | Auburn, AL 36831 |

4

## CERTIFICATE OF SERVICE

The undersigned certifies that copies of the foregoing were served on the following on by the methods indicated on the date shown below:

\_\_\_\_Deposit of same in the U.S. Mail in envelopes, with prepaid first class postage affixed thereto, directed to their addresses as set forth below.

\_\_\_\_Deposit of same in the mailbox(es) reserved for them in the office of the Circuit Clerk for Lee County, Alabama.

\_\_\_\_Fax of same to the fax number indicated below, being the fax number furnished by said person(s) or firm(s), or listed in the current issue of the Alabama State Bar Member Directory.

\_\_X\_\_Electronic mail of same to the email address indicated below, being the email address furnished by said person(s) or firm(s), or listed in the current issue of the Alabama State Bar Member Directory.

\_\_\_\_Hand-delivery: ☐ Open Court   ☐ Via Courier

Date of Service: February 14, 2007

---

David R. Arendall, Esq.
ARENDALL & ASSOCIATES
2018 Morris Avenue
Birmingham, AL 35203-4108
Fax 205-252-1556
dra@arendalllaw.com

                                      AKRIDGE & BALCH, P.C.


                                      /s/ John E. Searcy, Jr.
                                      John E. Searcy, Jr.
                                      Attorney at Law